## HISEY et v HISEY et

Ohio Appeals, 5th Dist, Licking Co.

No. 1893. Decided Sept. 8, 1939

Fitzgibbon, Black & Fitzgibbon, Newark, for appellant.

Edward Kibler & Brent Hervey, Newark, for appellee.

### OPINION

By LEMERT, J.

In this case Ward F. Hisey and J. R. Fitzgibbon as administrators of the estate of Abner Wood Hisey, deceased, brought suit against J. Van Hisey on a promissory note for $350.00 which has been given by him and his wife to his father.

The note on its face was barred by the statute of limitations, and the petition recited that by declarations in writing made in August, 1938, and by payments made in 1927, that the note was taken out of the statute.

A short time after his father's death, Ward Hisey wrote a letter to Van Hisey, which is as follows:

"There are some notes here against you. You paid the interest on them

right along until C. J. and I came down and got you, about 4 years ago didn't you? Am I right or not or have you paid anything since then write and let me know about them dont say anything about them to. Maud or the Girls they will want down to the last cent they will be afraid they wont get the last quarter of cent. I will take your word not theirs."

This letter was dated July 31, 1938, and was received by Van Hisey three or four days afterwards. On August 8th, this letter was answered by Van Hisey, and referring to the notes he made this statement:

"The notes you spoke about I have not been able to pay anything on them for some time if I remember correctly 1926 and I am in no position to pay them now so I suppose they will have to be left to the decision of the court."

The letter from Ward Hisey to his brother in Florida, and the answering letter of his brother, were offered in evidence and appear as exhibits in the record.

In addition, Ward Hisey took the witness stand and testified so far as the payments on the notes were concerned, as follows:

"In 1927 my brother came up here to bid on a school house. That is the reason why I know it was in 1927. Along in the summer some time we had a dinner home, and before we were ready to leave, my brother John Van, gave the folks some money; there was three twenties and a ten laid on the table. He said it was interest money, and I told my folks, "Mark it on the notes," but it wasn't marked. But father picked the money up and put a ten of it in his pocket and gave mother sixty. I don't know which notes it applied on, but there wasn't but three. In a few days I brought my mother to Newark, early in the fall, and she bought a coat. She gave the entire sixty dollars for it."

The testimony disclosed that Van Hisey owed his mother two notes of $1,000 each, on which there were no endorsements of payment, and the note sued on in this action of $350.00 payable to his father.

At the conclusion of the plaintiff's testimony upon the record thus made, counsel for defendant made a motion to take the case from the jury and direct a verdict for the defendant. After argument the court sustained this motion and directed a verdict in favor of the defendant. Motion for a new trial was filed which was overruled. Notice of the intention to appeal was filed and the case is in this court now for review.

The record in this case discloses that the plaintiffs called the defendant, J. V. Hisey, for cross-examination, and obtained a statement from him that the notes to which he referred in his letter were two notes to his mother for $1,000 each, and he did not know of the existence of a note to his father, as he believed at that time it had been destroyed.

It is to be noted that the letter from the plaintiff to the defendant made no mention of the note to the father, but only mentioned "notes," and the record fails to disclose that any demand was ever made for the payment of the $350.00 note, and the testimony of the plaintiff, Ward F. Hisey, was to the effect that when the money was paid he told his parents to mark it on the notes, which was not done although the note was at home at the time and place where the money was paid.

The careful examination of this letter convinces us that the court below had no difficulty in reaching the conclusion that the letter of the defendant, J. V. Hisey, was insufficient to take the case out of the statute of limitations.

Sec. 11223, GC, which treats of payments, acknowledgments and written promises to pay, is as follows:

"If payment has been made upon any demand founded on a contract, or a written acknowledgment thereof, or a promise to pay it has been made and signed by the party to be charged, an action may be brought thereon within

the time herein limited after such payment, acknowledgment or promise."

The letter in question is no evidence of payment on any particular note at any particular time. It certainly is no acknowledgment of any liability on any particular note, and it does not contain any promise to pay.

The record discloses that the two notes to the mother were the ones mentioned by the defendant.

The Supreme Court of Ohio has held:

"An acknowledgment, to take a case out of the statute of limitations, must be that the debt is a subsisting one; it is not sufficient that the debt did once exist."

With reference to the payment, the testimony was to the effect that J. V. Hisey, in the presence of his father and mother, laid $70.00 on the table and said it was interest money. The father took $10.00 and gave the mother $60.00.

It is of interest to note that although the plaintiff suggested that it be marked on the note, no credit appears on the note, although the note was in the house where the alleged transaction occurred.

The Supreme Court of Ohio has held in the case of **Kaufman v Broughton, 31 Oh St 424**, that where payment is relied upon, it must be a payment made with intention of a credit upon some particular obligation.

The court further held in the above case that a credit upon an account after the cause of action on the same is barred by the statute of limitations will not be treated as part payment thereof unless shown to be so intended by the parties.

The intention of the payor must be to make a payment upon a particular note or obligation.

The evidence in this case, as shown by the record, does not prove a payment upon the father's note. There is a total lack of proof upon that point. The fact that the father took $10.00 is not any proof of a receipt of money on the note, as there was never any credit

thereof marked on the note; and there is an absence of proof of any intention to receive the same as a credit thereon.

If any presumption arises from that transaction, it is that the father received the money for the mother, or that it was received otherwise than as a credit upon his note. The court below properly sustained the motion to direct a verdict for the defendant. We find no error in this record. The judgment of the court below will be affirmed.

SHERICK, PJ. and MONTGOMERY, J., concur.